UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT DELEVA, JAMIE PINTO, and ELDDY TORRES, on behalf of themselves and others similarly situated,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>CITY OF NEWARK,<br><br>    *Defendant*. | No. 25-cv-02256 (MEF)(SDA)<br><br>**OPINION and ORDER** |

\* \* \*

Writing for the parties, the Court largely assumes familiarity with the facts and procedural history of this case.

\* \* \*

The Plaintiffs here, police officers, have sued under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. See Complaint – Class/Collective Action ("Complaint") (ECF 1) at 1.

The complaint and the parties' briefing identify 29 U.S.C. § 207(a)(1) as the key part of the FLSA at issue here. See Complaint ¶¶ 17, 30; Defendant, City of Newark's Brief in Support of Motion to Dismiss (ECF 7-1) at 5; Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF 10) at 2 n.1.

But a complexity is suggested by a zoomed-out look at all of Section 207 --- the full section of the FLSA invoked by the Plaintiffs.[1]

---

[1] When a court interprets a federal statute, it must generally think it through as a whole. See Khalil v. Joyce, 780 F. Supp. 3d 476, 499 n.22 (D.N.J. 2025) (collecting cases). Pieces are not taken in isolation.

The complexity is this: Section 207(k) provides a distinct way of calculating overtime for "employee[s] in law enforcement activities," 29 U.S.C. § 207(k), presumably like the police-officer-Plaintiffs here.

And it makes little sense to think through how Section 207(k) might apply in this case without the full benefit of the parties' views.[2]

The motion to dismiss is therefore denied, without prejudice. This will allow the parties to alter their briefing, should they wish to, in light of the ways that Section 207(k) may impact this case.

A schedule for renewed Rule 12(b)(6) briefing, if any, will be set by the United States Magistrate Judge.

IT IS on this 27th day of October, 2025, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[2] The parties did not raise Section 207(k). And that typically means that it would not be raised by the Court. See, e.g., Lopez v. Soto, 2025 WL 2987485, at *3 n.5 (D.N.J. Oct. 23, 2025). But in addition to sticking to the party-presentation principle, see id., the Court also has a duty that sometimes pulls the other way --- the obligation to "say what the law is." See Khalil v. Joyce, 777 F. Supp. 3d 369, 387 n.18 (D.N.J. 2025) (quoting Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803)); In re Celgene Corp., Inc., 747 F. Supp. 3d 748, 760 n.17 (D.N.J. 2024). Here, because the various parts of Section 207 are to be read together, see footnote 1, it could well be hard to accurately "say what the law is" as to Section 207(a) (discussed by the litigants) without accounting for what another part of the Section means (Section 207(k), not discussed by the litigants).